HALL and others *v.* GREENBAUM and others.

*(Circuit Court, N. D. Illinois.* December 20, 1887.)

LIMITATION OF ACTIONS—BANKRUPTCY—SUSPENSION OF RIGHT OF ACTION.
Defendants were adjudged bankrupts in 1874, and plaintiffs proved their claims against them. A discharge was denied defendants in 1882. To an action brought by plaintiffs in 1887 to enforce their claims, defendants pleaded the limitation of 10 years. Rev. St. Ill. *c.* 83, § 23, provides that, when an action is stayed by statutory prohibition, such time is not part of the time limited for the commencement of actions, and Rev. St. U. S. § 5105, prohibits a creditor who has proved his claim to maintain suit pending the proceedings in bankruptcy, and provides that such creditor shall not be held to have waived his right of action "where a discharge has been refused, or the bankruptcy proceedings determined without a discharge." *Held,* that plaintiffs were entitled to maintain their action against defendants.

On Demurrer.

*L. H. Boutell,* for plaintiffs.

*Moses & Newman,* for defendants.

BLODGETT, J. This is a demurrer to plaintiffs' second replication to defendants' third plea. The third plea is that the causes of action, set out in the second, third, and ninth counts of the declaration did not ac-

crue within 10 years before the commencement of this suit; and the replication in question to avoid this plea alleges, in substance, that the defendants were, on July 7, 1874, adjudged bankrupts by the United States district court of this district; that plaintiffs proved their said debts against the estate of the defendants in such bankruptcy proceedings on the twentieth day of August, 1874, and that, from that time until the twentieth day of May, 1882, when said district court refused to grant the defendants a discharge, the plaintiffs were prohibited from bringing suit on the causes of action in question; and excluding this period of time when plaintiffs were so prohibited by law from maintaining any suit on these claims, the said causes of action did accrue to the plaintiff within 10 years.

Section 23, *c.* 83, Rev. St. Ill., which is the limitation act of the state of Illinois, provides that when the commencement of an action is stayed by injunction or order of a judge or court, or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the actions.

The question presented, then, is, were the plaintiffs prohibited by the bankrupt law from bringing suit against the defendants upon these causes of action pending the defendants' bankruptcy proceedings, and until their right to a discharge from their debts by said proceedings was determined? Section 5105 of the Revised Statutes of the United States, (title "Bankruptcy,") as amended by the seventh section of the act of June 22, 1874, (18 St. 179,) reads as follows:

"No creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action against them; and all proceedings already commenced, or unsatisfied judgments already obtained thereon against the bankrupt, shall be deemed to be discharged and surrendered thereby. But a creditor proving his debt or claim shall not be held to have waived his right of action or suit against the bankrupt, where a discharge has been refused, or the proceedings have been determined without a discharge."

I do not find that the express question raised by this demurrer has ever been passed upon by the supreme court, but it seems to me language could hardly be plainer or more definite than this as the section now stands amended. The amendment of 1874 consisted in adding to the original section the last sentence, commencing with the word "but," after the word "thereby;" and whatever may have been the construction given by the judges to the original section 21 of the bankrupt law of which section 5105 is a part, I think there can be no doubt that congress intended to make it clear beyond question that a creditor who had proved his claim against the bankrupt's estate was not precluded from maintaining an action against the bankrupt on that debt, or the unsatisfied portion of it, if the bankrupt should be denied a discharge, or if the proceedings in bankruptcy should be determined without granting a discharge.

Counsel for the defendants rely, in support of their demurrer, upon *Boynton* v. *Ball*, 121 U. S. 457, 7 Sup. Ct. Rep. 981, a careful reading

of that case shows that the decision turns wholly upon the construction to be given section 5106 of the Revised Statutes, instead of section 5105, and, to my mind, it does not seem to touch the question here under consideration. Taken as it now stands, section 5105 clearly prohibits a creditor who has proved his debt against an estate in bankruptcy from maintaining a suit at law or in equity, on such cause of action pending the proceedings in bankruptcy, and, if a discharge is refused, or the proceedings in bankruptcy determined without a discharge, the creditor is remitted to his right of action against the bankrupt.

It is urged that the bankrupt merely has the privilege of insisting upon a stay of proceedings at law pending his bankruptcy proceedings; and that may be true in regard to cases arising under the provisions of section 5106, but clearly such was not the intention of congress in regard to cases coming within the provisions of section 5105, as now amended. Where a creditor has proved his debt, and while the bankruptcy proceedings are pending, awaiting the action of the court upon the question of the right of the bankrupt to a discharge, it was evidently the policy of the law to protect the bankrupt from harassing suits by creditors who had made themselves parties to the bankruptcy proceedings by coming into the bankrupt court and proving their claims; but if those claims were not satisfied out of the bankrupt's estate, and the bankruptcy proceedings terminated without the issue of a discharge, or a discharge was refused to the bankrupt, then those creditors could afterwards proceed against the bankrupt for the collection of their demands. The language of the bankrupt law is: "No creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt," etc. This is clearly a peremptory and positive prohibition against the maintenance of a suit against a bankrupt by a creditor who has proved his debt; and until that prohibition is at an end by the denial of the discharge, or the determination of the proceedings, the creditor, within the meaning of section 23 of the Illinois statute of limitations, may be said to be prevented by statutory prohibition from the commencement of an action. Hence I am of the opinion that the demurrer to the replication is not well taken, and that the replication furnishes a sufficient answer to the defense set up in the plea.

Demurrer to the second replication to the defendants third plea overruled.